UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN DAVIS | CIVIL ACTION |
| VERSUS | NO. 25-1887 |
| T-MOBILE | SECTION "O"(3) |

### REPORT AND RECOMMENDATION

Plaintiff, Calvin Davis, a Louisiana state prisoner, filed this *pro se* and *in forma pauperis* civil action against T-Mobile.[1]

In his Statement of Claim, Davis writes "N/A," and in his claim for relief, Davis states, without correction to spelling or grammar, as follows:

> Please send a supena for my cell phone records, I have been trying for awhile and they sent me the wrong info, I have been trying 2022 Oct. I need my phone records incoming calls outgoing calls and all of my texts messages, I have been a customer for 10 years with four phones for me and my family, I have never had a problem with these people before I paid my bill, this is a billion dollar company and I need my phone records, thanks very much my phone number was 504-231-6000 504-231-6001[.][2]

### I.    Mandatory Screening Provisions

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. 1915(e)(2) thus directs, in relevant part, that courts "**shall dismiss** [an *in forma pauperis* plaintiff's] case **at any time**" if the plaintiff's

---

[1] R. Doc. 4.
[2] *Id.* at 4–5.

complaint fails to state a claim upon which relief may be granted or is determined to be frivolous.

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, even where Davis's complaint is liberally construed, it is frivolous and/or fails to state a claim upon which relief may be granted.[3]

## II. Analysis

Davis invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 and filed this lawsuit on the standard complaint form to be used by prisoners filing federal civil rights actions pursuant to 42 U.S.C. § 1983.[4] His claims, however, are not cognizable under that federal statute.

In pertinent part, that statute provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

---

[3] The Court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[4] R. Doc. 4; Rec. Doc. 4-1.

2

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Here, Davis cannot meet either of those requirements.

First, Davis does not identify which of his constitutional rights allegedly were violated. Second, T-Mobile, the named defendant, is a private entity. Generally, a suit under § 1983 cannot be brought against a private entity acting in its private capacity. A non-state or private actor can, however, be held liable under a § 1983 cause of action if the actor engaged in "a conspiracy with state actors to violate [the plaintiff's] constitutional rights." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008); *see Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights).

Second, Davis has not identified a responsible party acting under color of state law. Although the Court must "treat *pro se* pleadings more liberally, some facts must be alleged that convince [the court] that the plaintiff has a colorable claim." *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988). Here, Davis has not alleged that the defendant was acting under color of state law, and his factual allegations do not demonstrate that it acted in other than in its private capacity. Nor does Davis allege the existence of a conspiracy between defendant and any state actor.

For the foregoing reasons, Davis's claims against the defendant should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted.

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. Louisiana St. Univ.-Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (internal quotation marks omitted). Leave to amend is not required, however, when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *See Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (citations omitted).

Under the circumstances, it does not appear that Davis will be able to state any cognizable federal claims consistent with the facts alleged. For that reason, leave to amend, should Davis seek it, should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** Davis's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*.

New Orleans, this 2nd day of October, 2025.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**